Charles R. Jelm v. Commissioner.
Jelm v. Commissioner
Docket No. 3959-71.
United States Tax Court
T.C. Memo 1972-197; 1972 Tax Ct. Memo LEXIS 59; 31 T.C.M. (CCH) 993; T.C.M. (RIA) 72197; September 11, 1972
John Kennedy Lynch, 907 E. Ohio Bldg., Cleveland, Ohio, for the petitioner. Larry L. Nameroff, for the respondent. QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: The respondent determined a deficiency in Federal income tax against the petitioner for the taxable year 1968 in the amount of $8,695.50. By amended petition duly filed, the petitioner asserted an overpayment for 1968 in the amount of $4,074.05. Concessions having been made, the sole question remaining for determination is whether the petitioner is entitled to a dependency exemption. Findings of Fact All of the facts have been stipulated and are found accordingly. At the time the petition herein was filed, Charles R. Jelm (hereinafter referred to as "petitioner") was an individual whose legal residence was in Shaker Heights, Ohio. His U.S. income tax return for the calendar year 1968 was filed with the district director of internal revenue, Cleveland, Ohio. The petitioner filed Form 1040X, "Amended U.S. Individual Income Tax Return" for the year 1968 on March 30, 1970. The overpayment claimed therein *61 was disallowed by the respondent in his statutory notice of deficiency. By journal entry of the Court of Common Pleas of Summit County, Ohio, dated November 21, 1952, the petitioner was granted a divorce from his wife, Patricia, who was granted custody of their four minor children. An agreement between petitioner, his wife, John D. Helbig, and Mrs. Pearl Laursen purporting to fix custody rights, the division of property, and alimony, was incorporated in the journal entry by reference. That agreement, executed August 26, 1952, provided, in pertinent part: HELBIG AGREES (1) To support and educate the four Jelm children [referring to the four children of the marriage between petitioner and his wife, Patricial] until they become of legal age, or are married or self-supporting, and to furnish medical, dental, hospital, ocular and surgical care and attention for said children. The support of and other services for the children shall be deemed to be part of the damages to Jelm for the claimed criminal conversation and alienation of affections of Patricia by Helbig. * * * PATRICIA AGREES (1) Patricia agrees to guarantee that Helbig will furnish to the Jelm children, and each of *62 them, suitable home, food, clothing, medical, dental, optical and surgical care, and to pay for all such services and expenses, as would normally fall upon their father, and agrees to save Jelm harmless therefrom. Patricia Jelm and John D. Helbig were married on December 8, 1952, and, subsequent to that date, the four Jelm children resided with them. On his income tax return for 1968, the petitioner claimed his daughter, Cara, who resided in the Helbig household for the entire year, as his dependent and therefore claimed the exemption provided by section 151 [1] in computing his taxable income. [2]
*63 Opinion Section 151 provides a deduction of $600 for each dependent for the taxable year 994 1968. Dependent is defined by section 152. Special rules applicable to the determination of support in cases of children of divorced parents are prescribed in section 152(e). Petitioner admits that the Helbigs had custody of Cara and provided all of her support. He argues, however, that pursuant to the agreement as incorporated into the divorce decree the support of the children was in lieu of monetary damages due him from Helbig in settlement of the litigation between them. Therefore, petitioner contends that the support was furnished as his agent and that for the purpose of determining the dependency exemption he should be regarded as having constructively received and expended whatever funds were spent by the Helbigs. The petitioner's claim to a dependency deduction, as a divorced parent not having custody of the child, is governed by section 152(e)(2)(B) which requires that such parent must have contributed $1,200 or more for the support of such child. Since there has been no judicial determination or agreement by the parties with respect to the amount of damages, if any, to *64 which petitioner was entitled, even if we were to accept petitioner's argument that such damages were applied to the support of Cara, there is no basis for determining the amount so applied. Accordingly, it cannot be said that petitioner supplied as much as $1,200 towards such support. Having thus failed to satisfy the requirements of the statute, the petitioner is not entitled to the dependency deduction provided by section 151. To reflect concessions made by the parties on other issues, Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. Respondent determined that petitioner was not entitled to compute his tax under the head of household rates "since it * * * [was] not established that * * * [he was] entitled to the exemption deduction for * * * [his] child."We note with interest that sec. 2(b)(1)(A)(i) does not require that a child be a dependent in order for the taxpayer to qualify for the head of household rates. However, petitioner does not meet the other requirements of sec. 2(b). The respondent's determination is therefore correct.↩